UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Sovereign-Naan Of-Allodium,

     Plaintiff,

     v.

Lantman's Market and KB Enterprises Inc.,

     Defendants.

Civil Action No. 2:21–cv–17

## <u>OPINION AND ORDER</u>
(Doc. 8)

Pro se Plaintiff Sovereign-Naan Of-Allodium brings this civil action against Defendant KB Enterprises, Inc., doing business in Hinesburg, Vermont as Lantman's Market. Plaintiff alleges that Defendant's COVID-19 policy requiring that customers wear face masks while shopping at Lantman's is discriminatory and unconstitutional. He specifically claims that Defendant's policy discriminated against him based on his religious beliefs, in violation of the Civil Rights Act of 1964; and deprived him of his liberty to purchase groceries, in violation of the Fifth Amendment. Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Doc. 8.) Plaintiff opposes the Motion. (Doc. 9.)

For the reasons set forth below, the Court dismisses Plaintiff's Complaint (Doc. 1) for failure to state a claim.

**Factual Background**

Plaintiff's Complaint alleges that, from September 12, 2020 to the filing of this action on January 25, 2021, Lantman's unlawfully required its customers to wear masks when shopping in the store.[1]  Plaintiff appears to allege that his religious beliefs prevented him from complying with Lantman's mask requirement during the timeframe stated in the Complaint.  (Doc. 1 at 3.)  Plaintiff further claims that Lantman's prohibited him from buying groceries at the market unless he complied with the face mask requirement, a fact that he contends denied him due process of law.  (*Id.* at 2.)  Because Lantman's is the only grocery store near his residence, Plaintiff alleges that his inability to shop there has adversely affected him.  According to Plaintiff, "Lantman's Market managerial staff, in contact with the owners, were repeatedly petitioned regarding the illegal/unlawful nature of their policy, and the consequences of such a policy; including starvation and potential death; and still, they chose to enforce their arbitrary, discriminatory, and unlawful dictates/mandates, which have no scientific or legal justification."  (*Id.*)

Plaintiff seeks a court order that Defendant "cease and desist their policy of discrimination against individuals who are unwilling or unable to don the garments/gear arbitrarily dictated/mandated by the owners of this public accommodation."  (*Id.* at 3.)  He further seeks monetary damages for "starvation, stress, stigmatization, humiliation, oppression, disease, isolation; excess exhaustion of time, capital, and resources, in the pursuit of

---

[1]  Plaintiff does not explicitly reference Lantman's alleged face mask requirement as the basis for his Complaint.  He describes an allegedly discriminatory "policy" generally, without explaining the policy itself and its requirements.  (*See* Doc. 1 at 2–3.)  However, based on his allegation that Lantman's has imposed a "policy of discrimination against individuals who are unwilling or unable to don the garments/gear arbitrarily dictated/mandated by the owners of this public accommodation" (*id.* at 3), the Court understands the challenged policy to pertain to the wearing of face masks during customer visits to Lantman's.  Defendant's Motion to Dismiss and Plaintiff's Opposition to the Motion to Dismiss further confirm that the face mask requirement is the allegedly discriminatory policy at issue in the Complaint.

sust[e]n[a]nce from more distant publicly accom[m]odative grocery stores; time and capital exhausted from this legal recourse, deprivation of liberty, and loss of happiness." (*Id.*)

## I.    Motion to Dismiss

### A.    Standard of Review

Courts afford pleadings filed by self-represented parties "special solicitude," which includes reading the complaint liberally and construing it to raise the strongest arguments it suggests. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted); *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). While "special solicitude" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009).

When considering a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court evaluates the sufficiency of a plaintiff's complaint using a "two-pronged approach." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). First, the court discounts legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The court is also "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Second, the court considers whether the factual allegations, taken as

true, "plausibly give rise to an entitlement to relief." *Id.* at 679. This second step is fact-bound and context-specific, requiring the court "to draw on its judicial experience and common sense." *Id.* The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017).

    **B.**    **Application**

Defendant contends that Plaintiff has failed to allege sufficient facts either to state a claim or to entitle him to relief. (Doc. 8 at 2.) Defendant asserts that it has adhered to the applicable guidance issued by the State of Vermont, including Addendum 2 to the Amended and Restated Executive Order No. 01-20, issued on July 24, 2020, which required the wearing of masks in public places where it is not possible to socially distance. Defendant asserts that its face mask policy complied with this Executive Order:

> Given the narrowness of aisles in Lantman's, it is not possible to socially distance. Except in limited circumstances, such as when related to a young child, or someone with developmental or medical issues who is unable to wear a mask; neither being alleged here, the Order further gives Defendant the ability to not only post the location, which it has done, along with other preventative measures, but it allows Defendant to deny service to those customers who refuse to wear masks.

(Doc. 8 at 4–5.) Defendant notes that Vermont Agency of Commerce and Community Development (ACCD) guidance authorized businesses to "decline service to individuals who are not wearing a mask." (*Id.* at 5.) ACCD guidance further provided that businesses may refuse service to "those who are exempt from the mask mandate, however, the business shall provide an alternate way for those unable to wear a mask to access the business, such as offering curbside pick-up, delivery, or other innovative solutions." (*Id.*) Defendant explains that it attempted to accommodate Plaintiff, including by "attempt[ing] to provide groceries for Plaintiff by curb pickup and offer[ing] delivery services," but Plaintiff refused these accommodations and "informed Lantman's [that] if it did not cancel its mask policy, he would sue." (*Id.* at 5 & n.1.)

Plaintiff responds that he refused to wear a mask "because of [his] belief system, because [he was] healthy, and it is against [his] belief system to compromise [his] integrity." (Doc. 9 at 3.) He states he was maintaining a six-foot distance when he was denied the sale of food and that he sought alternative means to obtain food, such as curbside pickup, "but they were not offering that service at the time." (*Id.* at 5.) He further claims that "at no time in [his] numerous communications . . . [with] Lantman's did any representative suggest the option of curb-side pickup." (*Id.*)

At this stage of the proceedings, the Court may not resolve factual disputes as to the parties' communications or actions related to the face mask policy. Rather, the Court must determine whether the allegations in the Complaint adequately state a legal claim, thereby precluding dismissal. As explained below, Plaintiff has not stated plausible claims for relief under either the Civil Rights Act of 1964 or the Fifth Amendment.

### 1.      Plaintiff has not stated a plausible claim of religious discrimination under Title II of the Civil Rights Act.

Plaintiff has not stated a plausible claim of religious discrimination under Title II of the Civil Rights Act because (1) he has not alleged facts demonstrating that Lantman's is a place of public accommodation under Title II, and (2) his conclusory allegations are insufficient to allege a claim of religious discrimination.

#### a.      Place of Public Accommodation

Title II of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). "[T]he overriding purpose of Title II [was] to remove the daily affront and humiliation involved

in discriminatory denials of access to facilities ostensibly open to the general public." *Daniel v. Paul*, 395 U.S. 298, 307–08 (1969) (internal quotation marks omitted).

The statute lists the following establishments as places of public accommodation:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

"Because Congress specified the establishments which constitute places of public accommodation under § 2000a, courts in this circuit apply the statute to only those covered establishments." *Renxiong Huang v. Minghui.org*, No. 17 Civ. 5582 (ER), 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018). In order to be considered a "place of public accommodation" under the statute, Title II requires Lantman's to be a "facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment." 42 U.S.C. § 2000a(b)(2). When not principally engaged in selling food for on-site consumption, retail establishments such as grocery stores are not public accommodations. *See, e.g.*, *Amiri v. Safeway, Inc.*, No. 98-0176, 1999 U.S. Dist. LEXIS 933, at *3 (D.D.C. Jan. 26, 1999) (holding that defendant was not a place of public accommodation under Title II because it was "a retail establishment principally engaged in the sale of groceries for consumption off the premises . . . it is not a restaurant, cafeteria or lunch

room . . . [and it] does not have food counters or table areas for eating food purchased in the store"); *cf. Dunn v. Albertsons*, Case No. 2:16-cv-02194-GMN-PAL, 2017 WL 3470573, at *4 (D. Nev. Aug. 10, 2017) (citing authority in which complaint sufficiently pled that a grocery store was a place of public accommodation because it alleged that a "fully functioning restaurant" was operated on the premises).

Plaintiff describes Lantman's as a grocery store (Doc. 1 at 1), but offers no other facts to indicate that it is a facility principally engaged in selling food for consumption on the premises (or is otherwise a "place of public accommodation" under § 2000a(b)).  As Plaintiff's Complaint does not allege facts demonstrating that Lantman's is a place of public accommodation within the meaning of the statute, he has not sufficiently alleged a claim under Title II.

### b.      Discriminatory Intent

Plaintiff's claim under Title II is also insufficient because he has not plausibly alleged that the denial of full and equal enjoyment of Lantman's Market was because of his religion.  A plaintiff asserting a claim under Title II "must allege facts which show that he was deprived of equal use and enjoyment of a covered facility's services and facts which demonstrate discriminatory intent."  *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009) (internal quotation marks omitted).

Plaintiff states that Defendant denied him access to the food and services offered at Lantman's "due to his religious beliefs."  (Doc. 1 at 2.)  He specifically alleges that the Defendant "knowingly, willfully, and repeatedly discriminate[d] against Sovereign-Naan Of-Allodium[] due to his religious beliefs and free exercise thereof, as a healthy sovereign individual[] of the Country of Vermont."  (Doc. 1 at 2.)  However, he does not specify what his religion is; that Defendant was aware of his religious beliefs; or that he was denied entry to Lantman's based upon his religion.  Plaintiff's conclusory claims of discrimination based on his

religious beliefs are insufficient to state a plausible claim of religious discrimination.  *See, e.g.*, *Martinez v. Sprouts Farmers Market, LLC*, CIVIL ACTION NO. H-21-2096, 2021 WL 4034063, at *3 (S.D. Tex. Sept. 3, 2021) (in case alleging religious discrimination under Title II based on face mask requirement while shopping, court found complaint insufficient where, among other reasons, plaintiff alleged "only that he had an unspecified and conclusory 'religious reason' for not wearing a face mask"); *Solomon v. Amazon.com, Inc.*, 18-CV-5528 (ERK) (PK), 2020 WL 2837007, at *3 (E.D.N.Y. May 30, 2020) (dismissing Title II claim because the claim "that defendants discriminated against him because of his religion is entirely conclusory," and plaintiff alleged "no other facts to support an inference that the defendants even knew about his religious beliefs, let alone that they intentionally discriminated against him based on his religion.").

Plaintiff's conclusory allegation that requiring customers to wear a face mask "is inherently discriminatory against healthy sovereigns of the country" is also insufficient to state a claim.  (Doc. 9 at 2.)  *See Iqbal*, 556 U.S. at 678 (establishing that although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions").  Plaintiff has not alleged facts giving "plausible support to a minimal inference of discriminatory motivation."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted).  For instance, Plaintiff does not allege that Lantman's treated similarly situated individuals outside his protected class differently, or that the grocery store selectively enforced the face mask policy against him.

Additionally, a plaintiff seeking to enforce the substantive provisions of Title II can obtain only injunctive relief.  Title II does not provide a private right of action for money damages.  *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).  Plaintiff must therefore show a "real or immediate threat that [he] will be wronged

again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Plaintiff has failed to allege such

a threat, and the Court notes that, in light of the expiration of Vermont's state of emergency and

the state-wide mask mandate,[2] there is no indication that Plaintiff continues to be denied access

because of any face mask requirement.  *See Martinez*, 2021 WL 4034063, at *2 (holding that

plaintiff did not have standing to seek injunctive relief because the defendant "no longer requires

face coverings in [its] stores").  As Plaintiff's alleged injury will not be redressed by a favorable

decision granting injunctive relief, he cannot state a claim under § 2000a.

Therefore, Plaintiff's claim of religious discrimination under Title II of the Civil Rights

Act of 1964 must be dismissed.

### 2.     Plaintiff has not stated a plausible claim under the Fifth Amendment.

Plaintiff asserts Defendant's mask requirement violates his Fifth Amendment right to due

process.  Defendant argues that the Fifth Amendment does not apply to private business owners.

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or

property, without due process of law."  U.S. Const. amend. V.  It is well settled, however, that

the Fifth Amendment's protections apply to actions by the federal government.  *See Bolling v.*

*Sharpe*, 347 U.S. 497, 499 (1954); *see also Mazzone v. Town of Southampton*, 283 F. Supp. 3d

38, 47 (E.D.N.Y. 2017) (noting that "the Due Process Clause of the Fifth Amendment only

applies to actions by the Federal Government" (internal quotation marks omitted)).  Accordingly,

the "fundamental inquiry is whether the [defendant] is a governmental actor to whom the

prohibitions of the Constitution apply."  *San Francisco Arts & Athletics, Inc. v. U.S. Olympic*

*Comm.*, 483 U.S. 522, 542 (1987).  Plaintiff fails to allege that Defendant is a federal

governmental actor.  Because the Fifth Amendment may not be applied to private parties such as

---

[2] Defendant also represented at the June 29, 2021 scheduling conference in this matter that masks are no longer required to enter Lantman's Market.

Defendant, Plaintiff has not stated a plausible claim against Defendant for violation of his Fifth Amendment rights to due process.

## II.      Title II of the Civil Rights Act of 1964 - Notice Provision

Title II's notice provision provides that a plaintiff shall not bring a civil action "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such state has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice."  42 U.S.C. § 2000a-3(c); *Whitehurst v. 230 Fifth, Inc.*, No. 11 Civ. 0767 (CM), 2011 WL 3163495, at *8 (S.D.N.Y. July 26, 2011).  If the state has authorized an agency to hear complaints of discrimination prohibited by Title II, then notification to that agency is required before filing a Complaint in federal court.  Under the Vermont Fair Housing and Public Accommodations Act, 9 V.S.A. §§ 4500 *et seq*., the Vermont Human Rights Commission is authorized to hear complaints of religious discrimination in a place of public accommodation. *See id.* §§ 4502, 4506.  To the extent that Plaintiff elects to provide written notice of his allegations to the Vermont Human Rights Commission, he may file an Amended Complaint in this Court no earlier than 30 days after providing such notice.

## III.     Leave to Amend

The Second Circuit has cautioned that a district court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  In this case, it is not clear that an amended pleading will cure the deficiencies in Plaintiff's Complaint.  The Court nonetheless grants Plaintiff leave to amend no later than 60 days from the date of this Order.

If Plaintiff chooses to file an Amended Complaint, he must include a statement regarding compliance with Title II's notice provision discussed above.  He must also comply with the Federal Rules of Civil Procedure, including stating the grounds for the Court's subject-matter jurisdiction and a cause of action.  *See* Fed. R. Civ. P. 8(a).  The Court notes that, in addition to the requirements of Rule 8, Rule 10 requires a complaint include a caption with the court name, case number, and names of the parties, and that each paragraph be numbered and allege a single set of facts.  *See* Fed. R. Civ. P. 10.  Finally, Rule 11 requires, in addition to the complaint being signed by the plaintiff, if the plaintiff has no attorney, and stating the plaintiff's address, e-mail address, and telephone number, that the complaint's factual allegations have a good faith factual and legal basis.  *See* Fed. R. Civ. P. 11(a), (b)(3).

Plaintiff's efforts may be aided by the Court's "Representing Yourself as a *Pro Se* Litigant Guide," available at www.vtd.uscourts.gov/ sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## Conclusion

For the reasons discussed above, Defendant KB Enterprises Inc.'s Motion to Dismiss (Doc. 8) is GRANTED and Plaintiff's Complaint (Doc. 1) is DISMISSED.  Should Plaintiff choose to file an Amended Complaint, he must do so no later than 60 days from the date of this Order.  Failure to file an Amended Complaint within the time granted by this Order will result in dismissal of the case.

Dated at Burlington, in the District of Vermont, this 22nd day of September 2021.

/s/ Kevin J. Doyle
United States Magistrate Judge